UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INNOVATIVE USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SASSI EDITORE SRL, <br><br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff, Innovative USA, Inc. ("InnovativeKids"), by and through its attorneys, brings this action seeking injunctive relief and damages against defendant, Sassi Editore Srl ("Defendant"), a licensee of InnovativeKids, arising out of Defendant's trademark infringement and breach of an agreement with InnovativeKids. As a result, InnovativeKids seeks injunctive relief to prevent the immediate and irreparable harm that will result from Defendant's wrongful conduct. InnovativeKids states, as follows, upon personal knowledge as to its own acts and otherwise upon information and belief:

## NATURE OF ACTION

1. This case concerns Defendant's misappropriation of confidential information to develop and sell infringing products that blatantly copy and unlawfully use InnovativeKids' intellectual property.

2. Since December 2008, InnovativeKids, together with authorized licensees, has used the distinctive trade dress packaging as a core branding element in connection with the sale

1

of its distinctive children's books, puzzles and stacking blocks. Defendant, one such licensee, entered into a license agreement in which Defendant affirmed that InnovativeKids owned all relevant intellectual property in the proprietary trade dress and promised not to misappropriate such trade dress. InnovativeKids in turn revealed confidential information underlying the proprietary trade dress, which Defendant for its part misappropriated for its own line of competing children's books, puzzles and stacking blocks, in breach of the Master Co-Edition Agreement.

3. InnovativeKids' trade dress appears on all products that Defendant has licensed. The proprietary trade dress is closely and uniquely associated with InnovativeKids brand and has come to symbolize the high quality that consumers expect from InnovativeKids as the source of such products. Accordingly, InnovativeKids enjoys strong consumer loyalty, recognition and goodwill in the InnovativeKids trade dress.

4. Defendant's infringement of the InnovativeKids trade dress has and will continue to irreparably harm InnovativeKids and the substantial goodwill developed in its brand. It also has and will continue to cause monetary harm in an amount to be determined at trial.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action and claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. This District has mandatory and exclusive jurisdiction and venue under Paragraph 10.5 of the Master Co-Edition Agreement because this is an action between the Parties arising out of this Agreement. The Parties have consented to the exclusive jurisdiction of the court of the

United States District Court of Connecticut, and have expressly waived any and all objections to venue in the United States District Court of Connecticut.

## PARTIES

7. InnovativeKids is organized under the law of the State of Connecticut, with a principal place of business at 50 Washington Street, Norwalk, Connecticut 06854-2258. InnovativeKids owns the trade dress alleged herein and licenses such rights to Defendant under the Master Co-Edition Agreement.

8. Defendant is a foreign corporation organized under the law of Italy, with its principal place of business at via Barratto 52 36015 Schio (Vi) Italy. Defendant is a licensee of certain InnovativeKids products under the Master Co-Edition Agreement.

## FACTS

### InnovativeKids Business and Proprietary Trade Dress

9. InnovativeKids is a leading designer, manufacturer and publisher of interactive children's books, games and puzzles. One of Plaintiff's most popular lines is marketed and sold under the GREEN START mark. InnovativeKids licenses the right to translate certain products for sale in the United States and worldwide. InnovativeKids does not license the right to translate, manufacture, distribute or otherwise sell English-language products.

10. In or about December 2008, InnovativeKids began to identify its goods sold with a distinctive and proprietary trade dress packaging ("InnovativeKids Trade Dress"). Examples of the InnovativeKids Trade Dress used in connection with GREEN START products is attached as **Exhibit 1**.

11.     InnovativeKids has invested significant time and resources into creating, developing and advertising the inherently distinctive InnovativeKids Trade Dress. The superior quality of InnovativeKids' products in combination with extensive marketing efforts has caused products bearing the InnovativeKids Trade Dress to become renown in the minds of relevant consumers. As a result of the widespread use of the InnovativeKids Trade Dress, consumers recognize that InnovativeKids is the source of goods bearing the InnovativeKids Trade Dress.

12.     The InnovativeKids Trade Dress is non-functional. There are no patents that cover the elements of the trade dress. Competitors do not need to use the InnovativeKids Trade Dress to compete with InnovativeKids, in part, because there are significantly less expensive alternative packaging designs available and the elements of the InnovativeKids Trade Dress are more expensive to manufacture than alternate packaging designs.

**Defendant is an InnovativeKids Licensee**

13.     Since at least as early as 2011, InnovativeKids has licensed Defendant the right to translate, manufacture and sell certain InnovativeKids books, puzzles, and stacking blocks. Over this period, InnovativeKids has sent Defendant printing files, templates and die-lines for the licensed products.

14.     On or about May 30, 2013, InnovativeKids and Defendant entered into a Master Co-Edition Agreement in which InnovativeKids licensed Defendant the right to produce Italian and French translations of InnovativeKids GREEN START products. The products that Defendant sells and has sold under license with InnovativeKids are collectively referred to as the "Licensed Products."

15. Under the Master Co-Edition Agreement, Defendant is prohibited from producing, manufacturing, developing, selling or offering for sale Licensed Products in English.

16. Defendant acknowledged in the Master Co-Edition Agreement that InnovativeKids owns all right, title and interest in the Licensed Products, including any trademark rights thereto.

17. Under Article 8.2 of the Master Co-Edition Agreement, Defendant agreed not to use InnovativeKids trademarks on products other than the Licensed Products. Defendant further agreed under Article 3.2 that it shall vigorously promote, market, sell and distribute the Licensed Products during the term of the Agreement, and would use all reasonable business standards for promoting the Licensed Products.

## Defendant's Wrongful Conduct

18. In or about February 2015, InnovativeKids became aware that Defendant had developed and was advertising, selling and offering for sale, *inter alia*, English, Italian and French-language children's books, puzzles and stacking blocks at the American International Toy Fair in New York ("Infringing Products"). The English-language products directly compete with InnovativeKids' English-language products. The Italian- and French-language products directly competed with the Licensed Products. The Infringing Products copy the look and feel of InnovativeKids' proprietary trade dress. Attached as **Exhibit 2** are images of the Infringing Products from Defendant's catalog that were advertised at the International Toy Fair in New York, New York in February 2015.

19. In violation of the Master Co-Edition Agreement, Defendant developed and manufactured the Infringing Products by misappropriating InnovativeKids' proprietary design files to create their own competing products which infringe on the InnovativeKids Trade Dress.

20. In violation of the Master Co-Edition Agreement, Defendants misappropriated the confidential InnovativeKids proprietary design files and engaged the same manufacturer that produces Licensed Products to manufacture the Infringing Products.

21. In violation of the Master Co-Edition Agreement, Defendant is advertising and selling in the United States Infringing Products that directly compete with the Licensed Products and with InnovativeKids' products and Licensed Products.

22. By manufacturing, importing, promoting, distributing, offering to sell and selling the Infringing Products that are highly similar to InnovativeKids products and which copy the InnovativeKids Trade Dress, Defendant is seeking to take unfair advantage of the goodwill and brand recognition in the InnovativeKids Trade Dress that InnovativeKids has developed. Defendant's use of the nearly identical packaging on its Infringing Products threatens to mislead the public, and has impaired InnovativeKids' ability to control its reputation, and tarnish the quality of genuine InnovativeKids products bearing the InnovativeKids Trade Dress.

23. Despite actual knowledge of InnovativeKids' intellectual property rights Defendants continue to manufacture, promote, distribute, offer for sale and sell the Infringing Products throughout the United States in violation the Master Co-Edition Agreement.

24. Defendant, as a result of the foregoing acts, intentionally, willfully, and knowingly adopted products that feature virtually identical packaging to InnovativeKids products

in, *inter alia*, an effort to trade on InnovativeKids' goodwill and to obtain a benefit that they do not have under the Master Co-Edition Agreement.

25. Defendant's use of packaging that is virtually identical to the InnovativeKids Trade Dress is likely to mislead and to cause consumer confusion, mistake and deception of the relevant purchasing public as to the origin of the Infringing Products, and is likely to deceive purchasers into believing that the Infringing Products originate from, are associated with or are otherwise authorized by InnovativeKids, all to the damage and detriment of InnovativeKids, InnovativeKids' reputation and goodwill and for the unjust enrichment of Defendant.

26. Defendant's use of its packaging on or in connection with the importation, manufacture, promotion, distribution, offer for sale and sale of the Infringing Products is causing immediate and continuing irreparable harm to InnovativeKids and will continue to do so unless restrained by this Court.

## COUNT I
### False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))

27. InnovativeKids realleges and incorporates each of the foregoing paragraphs in the complaint.

28. Defendant's use of trade dress packaging, and other designations and indicia, in commerce in connection with the Infringing Products, is likely to cause confusion, mistake or deception: (i) as to the affiliation, connection or association with InnovativeKids, and (ii) as to the origin, sponsorship or approval of its goods and the commercial activities by InnovativeKids.

29. Defendant's acts constitute a false designation of origin and unfair competition in violation with Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

7

30. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of InnovativeKids. Defendant's unlawful actions have caused InnovativeKids monetary damage in an amount presently unknown, but in an amount to be determined at trial.

31. By its acts, Defendant has made and will make substantial profits and gain to which it is not entitled in law or equity.

32. Defendant's intentional and willful conduct has caused, and will continue to cause, InnovativeKids irreparable harm unless enjoined, and InnovativeKids has no adequate remedy at law.

## COUNT II

### Trademark Infringement Under Connecticut Common Law

33. InnovativeKids realleges and incorporates each of the foregoing paragraphs of the complaint.

34. InnovativeKids owns all right, title, and interest in and to the InnovativeKids Trade Dress, including all common law rights in the mark.

35. The aforesaid acts of Defendant constitute trademark infringement in violation of the common law of the State of Connecticut.

36. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of InnovativeKids. Defendant's unlawful actions have caused InnovativeKids monetary damage in an amount presently unknown, but in an amount to be determined at trial.

37. By its acts, Defendant has made and will make substantial profits and gain to which it is not entitled in law or equity.

38. Defendant's intentional and willful conduct has caused, and will continue to cause, InnovativeKids irreparable harm unless enjoined, and InnovativeKids has no adequate remedy at law.

## COUNT III

### Unfair Competition under Connecticut Common Law

39. InnovativeKids realleges and incorporates each of the foregoing paragraphs of the complaint.

40. With knowledge of the inherent distinctiveness of the InnovativeKids Trade Dress, Defendant intended to and did trade on the goodwill associated with the InnovativeKids Trade Dress by, *inter alia*, offering the Infringing Products, which bear trade dress that is confusingly similar to the InnovativeKids Trade Dress.

41. Defendant's acts as alleged herein are likely to cause confusion, mistake and deception to consumers as to the affiliation, connection, or association of Defendant with InnovativeKids, and as to the origin, sponsorship, or approval of Defendant's goods by InnovativeKids all to the detriment and damage of InnovativeKids and the unjust enrichment of Defendant.

42. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of InnovativeKids. Defendant's unlawful actions have caused InnovativeKids monetary damage in an amount presently unknown, but in an amount to be determined at trial.

43. By their acts, Defendant has made and will make substantial profits and gain to which it is not entitled in law or equity.

44. Defendant intends to continue its willful and intentional acts, and will continue to willfully infringe the InnovativeKids Trade Dress, unless restrained by this Court.

45. Defendant's unlawful actions have caused, and will continue to cause, InnovativeKids irreparable harm unless enjoined, and InnovativeKids has no adequate remedy at law.

## COUNT IV

### Breach of Master Co-Edition Agreement

46. InnovativeKids realleges and incorporates each of the foregoing paragraphs of the complaint.

47. The Master Co-Edition Agreement between InnovativeKids and Defendant is a valid and enforceable contract.

48. By its conduct, Defendant breached the Master Co-Edition Agreement by misappropriating InnovativeKids proprietary design files, manufacturing and selling the Infringing Products that directly compete with Licensed Products and InnovativeKids products not covered by the Master Co-Edition Agreement, and by failing to remit royalty payments based on the sale of the Infringing Products.

49. As a result of Defendant's breach, InnovativeKids have been directly and proximately harmed in an amount to be proven at trial.

## COUNT V

### Violation of Connecticut Unfair Trade Practices Act (CONN. GEN. STAT. § 42-110a, *et seq.*)

50. InnovativeKids realleges and incorporates each of the foregoing paragraphs of the complaint.

51. Defendant's actions as herein described were in furtherance of its activities in "trade" or "commerce," as defined in CONN. GEN. STAT. § 42-110a(4).

52. Defendant has attempted to leverage its breach of the Master Co-Edition Agreement to gain from InnovativeKids extra-contractual benefits to which Defendant is not entitled under the Master Co-Edition Agreement.

53. Defendant's actions constitute a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.

54. InnovativeKids has been damaged as a result of Defendant's unfair and deceptive acts or practices.

## COUNT VI

### Quantum Meruit

55. InnovativeKids realleges and incorporates each of the foregoing paragraphs of the complaint.

56. By funding the original and continued development of proprietary design files underlying the InnovativeKids Trade Dress, InnovativeKids owns all rights to the design files.

57. Defendant is currently in possession of and retains sales revenue paid to Defendant for the sale of Infringing Products.

58. InnovativeKids has not been compensated for these sales.

59. It would be unjust to allow the sale and use of the Infringing Products through Defendant without providing InnovativeKids with adequate and reasonable compensation derived from such sale and use.

60. InnovativeKids is entitled to recover from Defendant reasonable royalties the Infringing Products sold by Defendant.

## CLAIM VII
## CONVERSION

61. InnovativeKids realleges and incorporates each of the foregoing paragraphs of the complaint.

62. Defendant is currently in possession of proprietary design files obtained through the performance of the Master Co-Edition Agreement and sales revenues from the sale of Infringing Products that were designed using the proprietary design files.

63. The proprietary design files and sales revenues relating to Infringing Products are rightful property of InnovativeKids.

64. Defendant assumed and exercised the rights of ownership over InnovativeKids property.

65. Defendant has refused to pay over to InnovativeKids revenues Defendant earned despite InnovativeKids' repeated demands therefor.

66. InnovativeKids has been harmed as a result of Defendant's conversion of InnovativeKids' proprietary design files and duly earned fees.

## PRAYER FOR RELIEF

WHEREFORE, InnovativeKids prays for relief as follows:

1. A judgment finding that: (i) Defendant violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) Defendant have engaged in trademark infringement and unfair competition under the common law of the State of Connecticut; (iii) Defendant has been unjustly

enriched in violation of the common law of the State of Connecticut; (iv) Defendant breached the Master Co-Edition Agreement; and (v) Defendant violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*;

2. An injunction permanently restraining and enjoining Defendant, its officers, agent, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them anywhere from:

(a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, selling, offering or offering for sale any products or services which bear the InnovativeKids Trade Dress, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of InnovativeKids rights in the InnovativeKids Trade Dress, the Licensed Products, or any other trademark owned by InnovativeKids.

(b) passing off, inducing, or enabling others to sell or pass off any product or service as originating from InnovativeKids, which are not in fact InnovativeKids' products or services, or not produced or offered under the control and supervision of InnovativeKids and approved by InnovativeKids for sale or offer under the InnovativeKids Trade Dress.

(c) engaging in any other activity constituting unfair competition with InnovativeKids, or acts and practices that deceive the public and/or the trade, as well as other designations and indicia, to associate itself with InnovativeKids;

(d) engaging in any activity that will diminish the unique and distinctive quality of the InnovativeKids Trade Dress and harm the reputation and goodwill in the InnovativeKids Trade Dress;

13

  (e)  otherwise competing unfairly with InnovativeKids and any manner; and

  (f)  shipping, delivering, transferring, or otherwise disposing of, in any manner, products or inventory which bear the InnovativeKids Trade Dress or any mark confusingly similar thereto.

  3.  A judgment directing that Defendant remove any simulation, reproduction, counterfeit, copy, or colorable imitation of the InnovativeKids Trade Dress, or any mark confusingly similar thereto, from any and all storefronts, retail locations, and advertising in any medium and/or websites under their control

  4.  A judgment directing that Defendant deliver to InnovativeKids' counsel for destruction at Defendant's costs all signs, products, packaging, promotional and advertising material, catalogs, and any other items that bear, contain, or incorporate any simulation, reproduction, counterfeit, copy, or colorable imitation of the InnovativeKids Trade Dress.

  5.  A judgment directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any product or service at issue in this case, that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, sold or offered for sale by Defendant, has been authorized by InnovativeKids, or is related to or associated in any way with InnovativeKids or its products or services.

  6.  A judgment directing Defendant to file with the Court and serve upon InnovativeKids, within thirty (30) days after service upon Defendant of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which Defendant has complied with the injunction herein.

7.  A judgment directing that Defendant account to and pay over to InnovativeKids all profits realized by their wrongful acts and directing that such profits be trebled, as provided by law.

8.  A judgment awarding InnovativeKids its actual and compensatory damages in the amount to be proven at trial and punitive damages in an amount to be proven at trial.

9.  A judgment awarding InnovativeKids its costs and attorney fees and investigatory fees and expenses to the full extent provided for by and relief under 15 U.S.C. §§ 1116-1118 and Connecticut law.

10. A judgment awarding InnovativeKids pre- and post-judgment interest on any monetary award made part of the judgment against Defendant.

11. A judgment awarding InnovativeKids such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

InnovativeKids hereby demands a jury trial on all issues so triable that are raised by this Complaint.

Date: November 18, 2015
Stamford, CT

LOCKE LORD LLP

By: _____
Scott D. Wofsy (CT16413)
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
T: 203-975-7505
F: 203-975-7180

Alan B. Clement (*pro hac vice* to be filed)
H. Straat Tenney (*pro hac vice* to be filed)
Three World Financial Center
Suite 2001
New York, New York 10281-2101
T: 212-415-8600
F: 212-303-2754

Attorneys for Plaintiff